UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRADLEY SHOVE,

                Plaintiff,

-against-

INTELLIGRATED SYSTEMS, INC., and
HONEYWELL INTERNATIONAL, INC.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/15/2021

1:19-cv-10205-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of the parties' letters regarding their discovery dispute [ECF #33 ("Def. Letter"), 34 ("Pl. Letter")]. Having carefully reviewed the parties' arguments, the Court finds that a Local Rule 37.2 Conference is not necessary.

      This is an employment discrimination case. Plaintiff alleges that he was fired after he reported another employee's use of racial slurs and sexist language in the workplace. Defendants wish to subpoena Plaintiff's subsequent employers for: (i) Plaintiff's application materials for employment; (ii) the terms of Plaintiff's employment, including pay rate, benefits and compensation; (iii) Plaintiff's job performance; (iv) reasons for Plaintiff's termination; and (v) any complaints, grievances, or claims lodged by or about Plaintiff during his employment. Def. Letter at 2. Defendants argue that they are entitled to subpoena these records because are entitled to these records because "it is black letter law that victims of employment discrimination are required to mitigate their damages. *See Greenwav v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998)." Def. Letter at 2.

      Plaintiff objects to the use of subpoenas because of the potential negative impact on his prospects for employment. *Conrod v. Bank of New York*, 1998 WL 430546, *2 (S.D.N.Y. July 30, 1998; *Warnke v. CVS Corp.*, 265 F.R.D. 64, 70 (E.D.N.Y. 2010). He explains that, because

of the nature of his work as "an itinerant electrician/installer in large-scale projects," his past employers are also potential future employers. Pl. Letter at 1. Plaintiff represents that he already "provided defendants with plaintiff's post-termination income records and information about fringe benefits." *Id.* at 2. Plaintiff also argues that if discovery is extended to permit Defendants to subpoena the records they seek, then Plaintiff should be permitted to depose two additional witnesses. *Id.*

Defendants' request to subpoena Plaintiff's subsequent employers is DENIED based on Plaintiff's representation that he has already provided Defendants with records of his post-termination income. If Defendants wish to dispute that representation, they may file a letter, by January 20, 2021, reapplying for a discovery conference before the Court. Plaintiff's request to depose additional witnesses is DENIED.

IT IS HEREBY ORDERED that the parties shall appear for a Post-Discovery Conference on January 29, 2021 at 12:00 PM. The conference shall be held by telephone. To join, call 888-278-0296 at the scheduled time. When prompted, enter Access Code 5195844.

IT IS FURTHER ORDERED that, by January 22, 2021, the parties shall file a joint status letter and pre-motion submissions for any post-discovery dispositive motions.

The Clerk of Court is respectfully directed to terminate the letter motion pending at docket entry 33.

**SO ORDERED.**

Date:  **January 15, 2021**  
    **New York, NY**

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**